UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ALEXANDER GARCIA
GARCIA,

      Petitioner,

    v.                             Case No.:  2:26-cv-01023-SPC-DNF

MATTHEW MORDANT *et al*,

      Respondents,

                                  /

## OPINION AND ORDER

Before the Court are petitioner Jose Alexander Garcia Garcia's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Garcia Garcia's reply (Doc. 7).

Garcia Garcia is a native of Cuba who entered the United States on January 31, 2007. He was convicted of grand theft and burglary of a dwelling on December 7, 2011. On December 19, 2014, a Border Patrol officer issued Garcia Garcia a notice to appear, and an immigration judge ordered him removed to Cuba on February 23, 2017. Immigration and Customs Enforcement ("ICE") took him into custody in June 2018 and released him on an order of supervision in September 2018.

Garcia Garcia reported to ICE for a check-in appointment on December 16, 2025. ICE revoked the order of supervision and detained him. On February 9, 2026, ICE brought Garcia Garcia to the Mexican border, but Garcia Garcia

refused to walk across it.  ICE returned him to Alligator Alcatraz.  Garcia Garcia argues his detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government acknowledges the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Garcia Garcia carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him to Cuba in 2018, and the government has not secured travel documents or otherwise demonstrated that removal is more likely now.

The burden thus shifts to the government. ICE points to its February 9, 2026 attempt to send Garcia Garcia to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp.

3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it can lawfully remove Garcia Garcia in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id.* Given Garcia Garcia's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Jose Alexander Garcia Garcia's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Garcia Garcia poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Garcia Garcia may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record